IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO COLLINS, | § | |
| | § | No. 313, 2015 |
| Defendant Below-<br>Appellant, | §<br>§ | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1404046614 |
| Plaintiff Below-<br>Appellee. | §<br>§ | |

Submitted: September 2, 2015
Decided: November 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 2nd day of November 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Antonio Collins, filed this appeal from his Superior Court sentence for a violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Collins' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Collins pled guilty in September 2014 to one count of Disregarding an Officer's Signal (a felony) and one count of Resisting Arrest (a misdemeanor). On the felony charge, the Superior Court found Collins to

be a habitual offender and sentenced him to nine months at Level V incarceration, with credit for thirteen days previously served. On the misdemeanor, the Superior Court sentenced Collins to one year at Level V incarceration to be suspended for one year at Level III probation.

(3) After his release from prison, Collins was charged with a VOP, among other reasons, because he admitted to using cocaine while on probation. Following a VOP hearing on June 5, 2015, the Superior Court found that Collins had committed a VOP and sentenced him to serve one year, which was the balance of his sentence, at Level V incarceration. Collins filed this appeal.

(4) In his one-page opening brief on appeal, Collins asserts that the Superior Court erred in imposing such a harsh sentence, which was in excess of the sentencing guidelines, and for failing to follow the sentencing recommendation made by Collins' probation officer.

(5) With respect to the latter argument, the record is insufficient to review Collins' claim that the Superior Court failed to consider the probation officer's sentencing recommendation. Because Collins failed to request preparation of the VOP hearing transcript, we cannot evaluate whether this claim was raised to or considered by the Superior Court below. As the Court has held many times, the failure to include adequate transcripts of the proceedings, as required by the rules

2

of the Court, precludes appellate review of a defendant's claims of error in the proceedings below.[1]

(6)    With respect to his excessive sentencing claim, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on Collins' original sentence.[2] The trial court's failure to follow the sentencing guidelines is not a basis to appeal a sentence that otherwise is within the authorized limits.[3] In this case, the Superior Court reimposed all of the Level V time remaining on Collins' misdemeanor sentence, giving him credit for time served. The sentence was within statutory limits, was not excessive, and does not reflect a closed mind by the sentencing judge.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[1] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[2] 11 Del. C. § 4334(c) (2007).

[3] *Chapman v. State*, 2015 WL 357955 (Del. Jan. 26, 2015).

[4] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).